**UNITED STATES BANKRUPTCY COURT**

**FOR THE**

**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In the Matter of: | |
| Roderick Leonard Adams | Chapter 13 |
| | Case No. 25-12536-BFK |
| Debtor(s) | |

**ORDER CONFIRMING PLAN**

The Chapter 13 Plan (the "**Plan**") filed by the debtor (s) on July 21, 2026, replacing all previously filed plans, if any, having been transmitted to all creditors; and it having been determined that the Plan meets each of the requirements of 11 U.S.C. § 1325(a);

**It is ORDERED that:**

(1) The Plan as filed or modified is CONFIRMED.

(2) The debtor(s) shall obtain Court approval of the following transactions, upon a motion that provides notice to the Chapter 13 Trustee and all necessary parties and discloses completely the transaction's proposed terms:

a) the voluntary incurrence of new debt, whether secured or unsecured, that causes the debtor's(s') total principal amount borrowed post-petition to exceed $15,000 at any point in time;
b) the transfer or sale of real or personal property with a value that exceeds $15,000;
c) the refinance or modification of a loan secured by real or personal property, and
d) the encumbrance of real or personal property.

(3) The debtor(s) shall disclose the acquisition of real or personal property with a value that exceeds $15,000.

(4) All funds received by the Chapter 13 Trustee on or before the date of an order of dismissal shall be disbursed to creditors, unless such

disbursement would be de minimis, in which case the funds may be disbursed to the Debtor(s) or paid into the Treasury registry fund account of the Court, at the discretion of the Trustee.

All funds received by the Chapter 13 Trustee after the date of the entry of the order of dismissal shall be refunded to the Debtor(s) at their address of record.

All undisbursed funds on deposit with the Chapter 13 Trustee on or after the date of an order of conversion shall be disbursed to the Debtor.

(5) The holder of each secured claim provided for in paragraphs 4A or 4D of the Plan shall retain the lien securing such claim until the earlier of (i) the payment of the underlying debt determined under nonbankruptcy law or (ii) discharge under § 1328 or (iii) such lien is otherwise avoided by separate Court order entered in this case or associated adversary proceeding. If this case is dismissed or converted without completion of the Plan, such lien shall be retained by such holder to the extent recognized by applicable nonbankruptcy law.

(6) The Debtor(s) shall provide copies of tax returns to the Chapter 13 Trustee upon request.

(7) In any chapter 13 case (1) that involves any claim that is secured by a security interest in the debtor's principal residence for which the plan provides that either the trustee or debtor will make contractual installment payments and (2) where there is no order terminating or annulling the automatic stay related to such claim, the debtor(s) shall file, within 30 days of completion of the plan payments due under the terms of any confirmed plan, a certification (in addition to the certification required under LBR 4008-2(A)) as to whether all contractual installment payments due during the life of the case have been made. If the debtor fails to timely file a certification, or if the debtor's certification states that not all contractual installment payments were made during the Chapter 13 case, the standing trustee shall file a motion to dismiss without a discharge.

(8) To the extent property of Debtor(s) remains vested in the estate pursuant to Section 10 of the Plan, Debtor(s) shall have sole and exclusive responsibility for maintenance and insurance of that property, and for payment of any ad valorem or other taxes that arise post-petition.

(9) Other Provisions.

None.

**Order Confirming Plan**
Roderick Leonard Adams
**Case #25-12536-BFK**

Dated: Sep 9 2026

/s/ Brian F Kenney
Brian F. Kenney
United States Bankruptcy Judge

Confirmation Recommended.

Entered On Docket: Sep 9 2026

_/s/ Thomas P. Gorman___________
Thomas P. Gorman
Chapter 13 Trustee
1414 Prince Street, Suite 202
Alexandria, VA 22314
(703) 836-2226

**Order Confirming Plan**
Roderick Leonard Adams
**Case #25-12536-BFK**

Local Rule 9022-1(C) Certification

The foregoing Order was signed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

/s/ Thomas P. Gorman______________
Thomas P. Gorman, Chapter 13 Trustee

**PARTIES TO RECEIVE COPIES**

Roderick Leonard Adams
Chapter 13 Debtor
1520 Belle View Boulevard #4038
Alexandria, VA 22307

Nathan Fisher, Esq.
Attorney for Debtor
Fisher-Sandler, LLC
3977 Chain Bridge Rd. #2
Fairfax, VA 22030

Thomas P. Gorman
Chapter 13 Trustee
1414 Prince Street, Suite 202
Alexandria, VA 22314

United States Bankruptcy Court
Eastern District of Virginia

In re: Case No. 25-12536-BFK
Roderick Leonard Adams Chapter 13
Debtor

# CERTIFICATE OF NOTICE

District/off: 0422-9 User: Alexandri Page 1 of 2
Date Rcvd: Sep 09, 2026 Form ID: pdford3 Total Noticed: 1

The following symbols are used throughout this certificate:

| **Symbol** | **Definition** |
| --- | --- |
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 11, 2026:**

| **Recip ID** | | **Recipient Name and Address** |
| --- | --- | --- |
| db | + | Roderick Leonard Adams, 1520 Belle View Boulevard, #4038, Alexandria, VA 22307-6530 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 11, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 9, 2026 at the address(es) listed below:**

| **Name** | **Email Address** |
| --- | --- |
| Andrew Todd Rich | on behalf of Creditor Commonwealth of Virginia Dept. of Social Services, Division of Child Support Enforcement trich@oag.state.va.us, bankruptcy@dss.virginia.gov |
| Landon Thomas Kemnitz | on behalf of Creditor U.S. Bank Trust Company National Association lkemnitz@raslg.com |
| Matthew W. Cheney | ustpregion04.ax.ecf@usdoj.gov |
| Nathan A. Fisher | on behalf of Debtor Roderick Leonard Adams Fbarsad@cs.com barsad@aol.com |
| Tata-Annie L King | on behalf of Creditor U.S. Bank Trust Company National Association, As Trustee, As Successor-In-Interest To U.S. Bank National Association, As Trustee, In Trust For Registered Holders Of First Franklin Mortgage Loan Trust taking@raslg.com |

Thomas P. Gorman ch13alex@gmail.com tgorman26@gmail.com

TOTAL: 6